IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WHIRLPOOL CORPORATION, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> INDIVIDUALS, PARTNERSHIPS, AND § <br> UNINCORPORATED ASSOCIATIONS § <br> THAT OWN OR OPERATE § <br> WWW.PURERDROP.COM, § <br> § <br> *Defendants*. § | Case No. 2:21-cv-00433-JRG-RSP |

## MEMORANDUM ORDER

Before the Court is the Renewed Motion for Leave to Effect Alternative Service and Extension of Time to Serve, filed by Plaintiff Whirlpool Corporation. Dkt. No. 6. The Motion is **GRANTED**.

**I.     BACKGROUND**

On November 29, 2021, Whirlpool filed the present suit against Defendants Individuals, Partnerships, and Unincorporated Associations that Own or Operate www.purerdrop.com ("Defendants"). Dkt. No. 1. Whirlpool alleges Defendants own and operate www.purerdrop.com ("purerdrop website") which offers for sale and sells, in the United States, non-genuine Whirlpool replacement water filters that infringe one or more of U.S. Pat. Nos. 7,000,894, 8,356,716, 8,591,736, 8,845,896, 9,937,451, and 10,010,820. *Id*. ¶¶ 5–9. Whirlpool also alleges the accused products are being sold "under the brand name 'PurerDrop'." *Id*. ¶ 5.

Whirlpool previously moved the Court for leave to effect alternative service. Dkt. No. 4. The Court denied that motion without prejudice, noting that "Whirlpool [did] not allege it undertook an investigation in this case. Instead, Whirlpool offers a conclusory statement that

'based on Whirlpool's experience,' the address is almost certainly invalid." Dkt. No. 5 at 2.[1] Whirlpool has since hired an investigator to determine whether the Defendants' listed address is a place they conduct business. Dkt. No. 6-1. Plaintiff's investigator visited the listed address and observed the facility was being used as a garment factory, not as a place of Defendants' business. *Id*. Plaintiff's investigator interviewed some of the garment factory staff and they indicated they had no association or familiarity with the purerdrop website or Defendants. *Id*.

Whirlpool now re-urges the Court to grant leave to effect alternative service. Dkt. No. 6.

## II.     LEGAL STANDARD

The Federal Rules of Civil Procedure state that a foreign corporation served outside the United States must be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2).[2] Federal Rule of Civil Procedure 4 (f) provides that an individual in a foreign country may be served as follows:

> (1)     by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> (2)     if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>> (C) unless prohibited by the foreign country's law, by:
>>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
> (3) by other means not prohibited by international agreement, as the court orders.

---

[1] Citations are to document numbers and page numbers assigned through ECF.
[2] In this case, service for both natural persons and organization entities is governed by Rule 4(f).

Here, Defendants are believed to be Chinese (either natural persons or organizational entities), and China is a signatory party to the Hague Convention. *See* HCCH Members, https://www.hcch.net/en/states/hcch-members.

### III.     ANALYSIS

#### A.     Alternative Service

Whirlpool argues it should be permitted to serve the Defendants via electronic mail because (1) the Hague Convention does not apply and (2) the requested alternative service method comports with both Rule 4(f)(3) and Due Process.

##### 1.     Applicability of Hague Convention

The Hague Convention procedures are "mandatory if available at the place of service." *RPost Holdings, Inc. v. Kagan*, No. 2:11-cv-238-JRG, 2012 U.S. Dist. LEXIS 7566, *3 (E.D. Tex. Jan. 23, 2012) (quoting *Gramercy Ins. Co. v. Kavanagh*, 3:10-cv-1254, 2011 U.S. Dist. Lexis 50003, at *2 (N.D. Tex. May 10, 2011). "'[The Hague] Convention shall not apply where the address of the person to be served with the document is not known.'" *RPost Holdings*, 2012 U.S. Dist. LEXIS 7566 at *3 (quoting *Gramercy Ins. Co.*, 2011 U.S. Dist. Lexis 50003 at *2). Based on the evidence presented by Whirlpool, the Defendants have purposefully obfuscated their physical location and identities. Dkt. No. 6 at 11–12. Despite Whirlpool's best efforts, the Defendants' identities and addresses remain unknown. *Id*.

Whirlpool cannot serve the Defendants according to the Hague Convention since they cannot be found and are not located at their listed address. *Id*. Based on all the evidence presented by Whirlpool, the Court finds that Whirlpool has expended considerable efforts to comply with the Hague Convention. Whirlpool tried to identify the operators (whether natural persons or organizational entities) of the purerdrop website as well as locate the Defendants' physical

addresses, all in an effort serve the Defendants. None of Whirlpool's efforts have borne fruit. *See* Dkt. No. 6-1. Nothing before the Court disputes that the Defendants' identities and actual location remain unknown. The Court finds that under these facts, the Hague Convention is inapplicable and service of process under Rules 4(f)(3) and h(2) is not prohibited by international agreement.

## 2. Reasonableness of Alternative Method of Service

An effective service of process, through Rule 4(f)(3), must be consistent with procedural due process. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950). Due process requires that the notice is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314.

Again, despite Whirlpool's best efforts it has not been able to identify the operators of the purerdrop website, the only identifiable means of contacting the Defendants is through the identified actively monitored electronic mail address. Dkt. No. 6 at 8–9. Whirlpool identified an electronic mail address it argues is being monitored by the Defendants. *See* Dkt. No. 6-4 ("We will reply to your messages within 24 hours."). Serving Defendants through an actively monitored electronic email address will provide adequate notice of the suit. The Court finds that service on the monitored purerdrop website's electronic mail address is an appropriate means for notifying the Defendants of this action. Indeed, it appears the electronic mail address may be the only method to effect service.

The Court is cognizant of the Defendants' due process rights, however there are few options left to effect service. Requiring Plaintiff to undertake additional investigations to attempt service would considerably increase delay and expense. *See In re OnePlus Tech. (Shenzhen) Co., Ltd.*, No. 2021-165, 2021 WL 4130643, at *3 (Fed. Cir. Sept. 10, 2021); *SIMO Holdings, Inc. v.*

*Hong Kong uCloudlink Network Technology Limited*, No. 2:20-cv-00003-JRG (E.D. Tex. Mar. 16, 2021). Additionally, "Rule 4(f)(3) is not a 'last resort' or a type of 'extraordinary relief' for a plaintiff seeking to serve process on a foreign defendant." *OnePlus Tech. (Shenzhen) Co., Ltd.*, 2021 WL 4130643 at *3.

      **B.**    **Extension of Time to Serve**

For cases involving foreign defendants, the Fifth Circuit has adopted a "flexible due diligence" standard for the timeliness. *See Lozano v. Bosdet*, 693 F.3d 485, 490 (5th Cir. 2012). The Court **GRANTS** Whirlpool 14 days following the entry of this Order to effect alternative service on the Defendants.

**IV.**    **CONCLUSION**

In view of the numerous factors suggesting that service by electronic mail is the most likely method of providing actual notice to the Defendants, the Motion is **GRANTED**. It is therefore **ORDERED** that Whirlpool serve these Defendants by effecting alternative service through the monitored support@purerdrop.com electronic mail address. Upon completion of such alternative service, Whirlpool shall file a Notice supported by a clear personal declaration as to the completion of such alternative service, together with supporting receipts and/or other relevant documents, all of which shall make clear the ways and means—together with the effective date—of such service upon these Defendants. Whirlpool is **GRANTED** 14 days following the entry of this Order to effect alternative service on the Defendants.

    SIGNED this 25th day of January, 2022.

                                            ROY S. PAYNE
                                            UNITED STATES MAGISTRATE JUDGE